UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

EDWARD KINDRICK,

        Plaintiff,

  v.

CALIFORNIA STATE AUTOMOBILE ASSOCIATION; et al.,

        Defendants.

3:11-cv-0380-LRH-VPC

ORDER

Before the court is plaintiff Edward Kindrick's ("Kindrick") motion to remand. Doc. #64.[1]

**I.   Facts and Background**

On April 19, 2011, Kindrick filed a complaint against named defendants in state court. Doc. #1, Exhibit A. Defendants removed the action to federal court alleging diversity jurisdiction. Doc. #1. Thereafter, Kindrick filed the present motion to remand. Doc. #64.

**II.   Legal Standard**

Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

---

[1] Refers to the court's docket entry number.

Removal of a case to a United States district court may be challenged by motion. 28 U.S.C. § 1441(c). A federal court must remand a matter if there is a lack of jurisdiction. *Id*. Removal statutes are construed restrictively and in favor of remanding a case to state court. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). On a motion to remand, the removing defendant faces a strong presumption against removal, and bears the burden of establishing that removal is proper. *Gaus*, 980 F.2d at 566-67; *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).

### III.     Discussion

A district court has original jurisdiction over civil actions where the suit is between citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000. 28 U.S.C. § 1332(a). Further, an action based on diversity jurisdiction is "removable only if none of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought." 28 U.S.C. § 1441(b).

Defendants argue that there is complete diversity between the parties because defendant AAA NCNU Insurance Exchange, fka California State Inter Insurance Bureau ("AAA") is not a citizen of the state of Nevada. The court disagrees. Defendant AAA is an unincorporated association and insurance exchange. An unincorporated association is deemed to be a citizen of every state where it has members. *Rockwell International Credit Corporation v. United States Aircraft Insurance Group*, 823 F.2d 302, 304 (9th Cir. 1987) (overruled on other grounds, *Partington v. Gedan*, 923 F.2d 686 (9th Cir. 1991)). Plaintiff Kindrick has alleged in his complaint that he is a member of AAA along with several other Nevada residents. Thus, the court finds that AAA is a citizen of the state of Nevada and there is not complete diversity between the parties. Therefore, the exercise of diversity jurisdiction is inappropriate and the court shall grant Kindrick's motion to remand.

///

IT IS THEREFORE ORDERED that plaintiff's motion to remand (Doc. #64) is GRANTED. The clerk of court is directed to REMAND this action to the Second Judicial District Court of the State of Nevada.

IT IS SO ORDERED.

DATED this 19th day of March, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE